IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COPPEDGE | : | CIVIL ACTION |
| | : | NO. 12-3268 |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL | : | |
| TRUST COMPANY,et al. | : | |
| | : | |

O'NEILL, J.                                                                                                               May 1, 2013

## MEMORANDUM

Now before me is defendant Martha E. Von Rosenstiel's motion to dismiss the claims of plaintiff James Coppedge, who is proceeding pro se. In her motion, Von Rosenstiel seeks to dismiss plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for insufficient service of process on McNally and Deutsche Bank pursuant to Rule 12(b)(5) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). On March 14, 2013, the Court ordered plaintiff to file a response to Von Rosenstiel's motion. Thereafter, Coppedge filed a document titled "Defendant's Notice of Default and Dishonor: Appellant's Motion to Affirm Discharge of Debt and Property Restoration Due to Full Settlement." (Dkt. No. 17). I will construe this filing as plaintiff's response to Von Rosenstiel's motion to dismiss. After considering the motion to dismiss and Coppedge's response and for the reasons that follow, I will grant Von Rosenstiel's motion.

## BACKGROUND

Coppedge's claims arise out of an ejectment action filed by defendant Deutsche Bank National Trust Company in the Court of Common Pleas for Philadelphia County on May 7, 2010 in which Deutsche Bank sought to divest Coppedge of title to a property at 3738 North Bouvier

Street, Philadelphia, Pennsylvania.  See Deutsche Bank Nat'l Trust Co. v. Coppedge, No. 00951 (Ct. Comm. Pl. Phila. Cty., May Term 2010).  On May 8, 2012, a default judgment was entered in the state court action in favor of Deutsche Bank and against Renee Epps, who Coppedge identifies as his tenant.

Coppedge filed this action on June 7, 2012, complaining that "[o]n May 17, 2012, [Court of Common Pleas] Judge [Leon] Tucker denied Plaintiff's Summary Judgment . . . without opinion.  As a result, the Philadelphia Sheriff's Department intends to evict my tenant(s) on or about June 12, 2012."  Compl. at 3.  In his complaint, Coppedge further alleged that

> [s]ince the property is paid for by private Negotiable Debt Instruments why did Judge Tucker permit [the attorneys for Deutsche Bank] to proceed with filing for an illegal eviction under Color of Law and Color of Office?  The Judge cannot demand FRDN's for payment of debt since there is no lawful money, neither is there silver or gold authorized for payment by law.

Id.

On July 18, 2012, this Court denied plaintiff's Motion for Injunction and Emergency Stay and his Motion to Dismiss Writ of Possession Due to Fraud Pursuant to FRCP 60(b) Emergency Stay and Injunction, finding that abstention was proper under the doctrine set forth in Younger v. Harris, 401 U.S. 37, 46-54 (1971), as there were "pending state court proceedings involving Coppedge and Deutsche Bank raising issues directly related to those raised by Coppedge in this matter."  Dkt. No. 8 at 3.  Also on July 18, 2012, plaintiff filed a notice of appeal from the Court's July 18, 2012 Order.  Dkt. No. 9.  The Court of Appeals subsequently affirmed this Court's July 18, 2012 Order.  Dkt. No. 15; see also Coppedge v. Deutsche Bank Nat. Trust, No. 12-3066, 2013 WL 221453, at *2 (3d Cir. Jan. 22, 2013).  Meanwhile, Von Rosenstiel contends that Epps was evicted on July 19, 2012 and the Sheriff of Philadelphia County granted possession of the property to Deutsche Bank.  Dkt. No. 11 at ¶ 20.

In his response to Von Rosenstiel's motion, Coppedge argues that he does

> not give [his] consent to seize the property due to the Defendants notices of Default and Dishonor. . . . I have seen no evidence that Writ of Possession was ever signed by Judge or notarized as truth in commerce. Is this not a lawful requirement? I have seen no evidence of rebuttal that the DEBT has not been settled. I was not sent a BILL to cure any existing debt of which I have not been made aware. I have issued BONDS to satisfy any existing accounting. Nothing has been returned for errors or correction, pursuant to Article 9 Section 3-604(1) . . . ."

Dkt. No. 17 at ECF p. 2 (emphasis in original). He asserts that his "4th Amendment secured right of the U.S. Constitution has been clearly violated." Id. Coppedge also states that:

> This is my Notice that a Chapter 13 Bankruptcy shall be filed. So please ORDER Defendants to issue a payoff bill/statement for recovery, and for my filing a UCC 3 with U.S. TREASURY FOR SETTLEMENT OF THE ACCOUNTING and return of the property, which was accepted and returned for value settlement and closure of the assessed value. In and for the record and let the record show that I stand [on] my un-rebutted affidavits and paperwork.

Id. (emphasis in original). Finally, he asks the Court to "[P]lease accept the discharging of the DEBT and ORDER the return of the property without controversy. Thank you!" Id.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Because Von Rosenstiel's motion presents a facial attack on Coppedge's claims, I assume that his allegations are true and consider whether "the pleadings fail to present an action or claim within the court's jurisdiction." Hall v. Easton Area Sch. Dist., No. 10–7603, 2012 WL 526287, at *2 (E.D. Pa. Feb. 17, 2012), citing Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Plaintiff

bears the burden of persuasion when subject matter jurisdiction is challenged. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## DISCUSSION

Von Rosenstiel argues, inter alia, that the Court lacks subject matter jurisdiction because Coppedge's "Complaint is nothing more than an attempt by a state court loser to avoid the inevitable eviction of his tenant from property that he has not owned for more than two years." Dkt. No. 11-1 at ECF p. 5. I agree. Coppedge's request that the Court "order the return of the property without controversy," Dkt. No. 17 at ECF p. 2 (emphasis omitted), clearly asks this Court to overrule the state court judgments related to the possession and ownership of the property at 3738 North Bouvier Street.

Where a "federal claim is inextricably intertwined with [a] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong," it is barred under the Rooker-Feldman[1] doctrine. In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (finding that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Coppedge v. Beaumont, No. 10-394, 2010 WL 2382944, at *3 (D. Del. June 11, 2010) (finding that if the Court allowed Coppedge's request that the Court void a sheriff's sale "to proceed against the defendants[, it] would allow him to use the federal courts to appeal a state court judgment and, thus, would run afoul of the Rooker Feldman doctrine"). "The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state

---

[1] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S, 413 (1923).

court judgment was erroneously entered or must take action that would render that judgment ineffectual." In re Madera, 586 F.3d at 232. The Rooker-Feldman doctrine clearly bars the Court's consideration of Coppedge's claims in this action and therefore I will dismiss his complaint.

Further, Coppedge's claims would fail even if any of his filings, liberally construed, could be held to allege claims that survive Rooker–Feldman scrutiny because he has not articulated sufficient facts to state a claim upon which relief could be granted. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011). As the Court of Appeals noted on January 22, 2013 in its per curiam Opinion in this matter, "Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in any court of law, and he would be wise to direct his energies in a more productive direction." Coppedge v. Deutsche Bank, 2013 WL 221453, at *2.

Finally, because his pleadings do not include any allegations suggesting that Coppedge could conceivably establish subject matter jurisdiction or a claim upon which relief could be granted, the Court finds that any amendment of Coppedge's claims would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend"). Accordingly, I will dismiss Coppedge's complaint with prejudice.

An appropriate Order follows.